JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| TREEFROG DEVELOPMENTS, INC., d/b/a LifeProof, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>DAVID YUSUF, an Individual; and DOES 1-10, Inclusive,<br><br>Defendants. | Case No. SACV13-329 JST (JPRx)<br><br>*The Honorable Josephine Staton Tucker, Presiding*<br><br>**JUDGMENT AND PERMANENT INJUNCTION** |

This matter comes before the Court on the Motion for Default Judgment filed by Plaintiff, TREEFROG DEVELOPMENTS, INC., d/b/a LifeProof, a Delaware corporation ("Treefrog Developments").

On July 3, 2013, the Court granted in part and denied in part Plaintiff's Motion for Default Judgment, and, in conformity with that order and with good

-1-
JUDGMENT AND PERMANENT INJUNCTION

cause having been shown, the Court hereby ORDERS the following final judgment for Plaintiff Treefrog Developments and against Defendant DAVID YUSUF ("Yusuf"):

1. Plaintiff Treefrog Developments is the prevailing party and is awarded final judgment against Defendant Yusuf on its claims for (1) trademark infringement under the Lanham Act (15 U.S.C. § 1114), (2) false designation of origin, trade dress infringement, and unfair competition under 15 U.S.C. § 1125(a), (3) copyright infringement under the Copyright Act (17 U.S.C. § 501(a)), and (4) violation of the California Unfair Competition Law (California Business & Professions Code § 17200, *et seq.*).

2. Defendant Yusuf willfully infringed on the following Intellectual Property owned by Plaintiff Treefrog Developments: (i) Plaintiff's federally registered trademark, Registration No. 4,057,201, for "LIFEPROOF" ("Plaintiff's Mark"); (ii) Plaintiff's international trademarks held in Japan, Canada, the United Kingdom, Taiwan, Australia, and China ("Plaintiff's International Marks"); (iii) Plaintiff's trade dress in the non-functional physical detail and design of its products and packaging ("Plaintiff's Trade Dress"); and (iv) Plaintiff's copyright concerning the shipping carton text and graphics for "LIFEPROOF LET'S GO" for which Plaintiff has applied for copyright protection with the United States Copyright Office ("Plaintiff's Copyright").

3. Defendant Yusuf shall pay Plaintiff Treefrog Developments the total amount of $250,000.00 in monetary damages.

4. Defendant Yusuf shall pay Plaintiff Treefrog Developments, separately and additionally, the total amount of $8,600.00 in attorneys' fees pursuant to C.D.

Cal. R. 55-3 due to Defendant's willful infringement on Plaintiff's Intellectual Property.

5. Defendant Yusuf shall pay Plaintiff Treefrog Developments, separately and additionally, the total amount of $525.85 for costs pursuant to 15 U.S.C. § 1117(a).

6. Plaintiff Treefrog Developments shall be entitled to post-judgment interest, calculated under the statutory rate provided by 28 U.S.C. § 1961(a).

7. Pursuant to 15 U.S.C. § 1118, Defendant Yusuf shall deliver up for destruction to Plaintiff all counterfeit goods and any and all labels, signs, prints, packages, wrappers, receptacles, and advertisements that bear Plaintiff's marks, or colorable imitations thereof.

8. Defendant Yusuf, as well as his agents, acting officers, employees, representatives, successors, assigns, attorneys, and all persons acting for, with, by, through, or under authority from Defendant, or in concert and participation with him, shall be permanently restrained and enjoined from:

   i. engaging or continuing to engage in the unlawful, unfair, or fraudulent business acts or practices described in the Complaint, including the importing, advertising and/or dealing in any counterfeit of Plaintiff's products;

   ii. using without permission any trademark, copyright, or other intellectual property right of Plaintiff, or any copy, reproduction, or colorable imitation or simulation of a trademark, copyright, or other intellectual property right of Plaintiff;

   iii. acting to infringe upon or dilute Plaintiff's trademarks, copyrights, or trade dress;

      iv.    falsely designating the origin of any product to be from Plaintiff;

      v.    engaging in unfair competition with Plaintiff; and

      vi.    acting in any other manner to derogate Plaintiff's intellectual property rights.

IT IS SO ORDERED.

DATED: July 15, 2013

                                        JOSEPHINE STATON TUCKER
                                        United States District Judge for the Central District of California